ALFRED JOHANSON AND THERESIA JOHANSON, DEFEND-
ANTS IN ERROR, v. ATLANTIC CITY RAILROAD COM-
PANY, PLAINTIFF IN ERROR.

Submitted March 26, 1906—Decided November 19, 1906.

1. The general rule is that where the possession of land is separated
   from the title, the law will not presume that the possession is
   adverse, but every presumption is in favor of possession in sub-
   ordination to the title of the true owner.
2. In reviewing a judgment of the Supreme Court entered upon a
   special verdict, the facts stated in the verdict can alone be con-
   sidered. The reviewing court may not examine the evidence to
   ascertain whether those facts were rightfully found.
3. Where a railway company builds its road upon the land of
   another without other authority than the parol license of the
   owner, the latter may ordinarily revoke such parol license at any
   time, and bring suit to recover possession of the premises.

On error to the Supreme Court.

For the plaintiff in error, *J. Willard Morgan* and *Charles
V. D. Joline.*

For the defendants in error, *Francis D. Weaver.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review a judg-
ment of the Supreme Court entered upon a special verdict
returned from the Camden Circuit. The action was eject-
ment brought by the plaintiffs to recover the possession of a
strip of ground on the northerly side of Salem street, between
Burlington street and Broadway, in Gloucester City, N. J.
The land of the plaintiffs abuts on the north side of Salem
street, and their right to the fee extends to the centre line of
the street. The special verdict shows that the defendant com-
pany in the year 1875 located its single track, narrow-gauge
steam railway through the centre of Salem street, in front of

plaintiffs' land and upon and over a portion of it described
in the declaration; that the defendant in the year 1885
changed its track so located to that of a broad-gauge steam
railway, and that from and after the year 1875 has continued
to operate its trains daily over said tracks, up to the time of
the beginning of this suit in 1904. The defendant entered a
plea of not guilty. The special verdict was silent as to the
character of the possession of the defendant during the period
of its occupation, and the court held that the presumption
was, in that condition of the evidence, that the defendant's
possession was permissive, not adverse, and accordingly ren-
dered judgment for the plaintiffs.

We concur in the view thus reached by the court below.
The general rule is that where the possession of land is sepa-
rated from the title, the law will not presume that the pos-
session is adverse, but every presumption is in favor of pos-
session in subordination to the title of the true owner. 1 *Am.
& Eng. Encycl. L.* (*2d ed.*) 889. I do not understand that
counsel of defendant undertake to question the legal accuracy
of the conclusion of the court below in giving effect to this
presumption, but they seek to avoid the affirmance of the
judgment by contending that we should look at the evidence
taken at the trial to discover certain facts alleged to have
been proven, but by inadvertence omitted from the special
verdict, and to amend the special verdict, if necessary, in
accordance therewith. But in reviewing a judgment of the
Supreme Court entered upon a special verdict, the facts stated
in the verdict can alone be considered. The reviewing court
may not examine the evidence to ascertain whether those facts
were rightfully found. This is in accord with the general
rule existing elsewhere. 29 *Am. & Eng. Encycl. L.* (*2d ed.*)
1029, 1031. It may be observed in passing that if the rule
were otherwise, the evidence of consent to which we are asked
to look could not have been considered by the court, for the
reason that there is no legal proof of such consent before us.
The defendant's witness, who was the attorney for the Glou-
cester Land Company, from which the plaintiff derives its

title, at the time the defendant located its road, was asked if he knew whether a consent was given to the defendant by the land company to occupy their ground. He answered, "It was." He was then asked what permission was given in a deed executed at the time, or in a minute made at the time, and his answer was that he was unable to find any deed, and as to the minute, objection being made, he was not permitted to speak unless the absence of the minute-book was first accounted for, and the defendant rested without offering further evidence as to the minutes. In this situation the evidence of the supposed consent of the land company had no legal efficacy whatever.

The defendant has assigned for error that the court below did not decide that the defendant, being a railroad company, having the power of eminent domain, and in possession of the land when the plaintiffs took title, the latter took title subject to the burden of the defendant's railroad, and that an action of ejectment will not lie. And this has been urged on behalf of the defendant as ground for reversal, and a large number of cases from other jurisdictions have been cited as purporting to support the doctrine here contended for. But the law has been settled to the contrary of this contention by this court in the case of *Hetfield* v. *Central Railroad of New Jersey, 5 Dutcher* 571. This case was no doubt well considered, resulting as it did in reversing the majority decision of the Supreme Court in the same case. *Id.* 206. It was held by this court in that case, Mr. Justice Elmer delivering the opinion, that an owner of land may revoke a parol license to build a railroad on his land, and may bring trespass *quare clausum fregit.* Upon the same principle an action of ejectment may be brought. The latter action was held by this court to be an appropriate one to recover the fee of a public street taken by a steam railway company subject to the public easement. *Bork* v. *United New Jersey Railroad and Canal Co.,* 41 *Vroom* 268. The case of *Hetfield* v. *Central Railroad of New Jersey, supra,* has been frequently cited in this court with approval, and since the special verdict shows no

adverse possession and no pretence of license other than a parol license, we must be pardoned for failing to discuss the cases cited from other jurisdictions upon a question so long at rest in this state. The result is that the judgment of the Supreme Court must be affirmed.

*For affirmance* — THE CHANCELLOR, HENDRICKSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, DILL. 9.

*For reversal*—GRAY. 1.